SO ORDERED.

Dated: June 28, 2017

*/s/ Daniel P. Collins*

**Daniel P. Collins, Chief Bankruptcy Judge**

Adam Hauf 026702
HAUF LAW PLC
4225 W Glendale Ave, Suite A104
Phoenix, AZ 85051
P: 623.252.0742 F: 623.321.2310
admin@hauflaw.com
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| In re | Case No. 2:17-bk-01372-DPC |
|---|---|
| ROBERT L GREEN<br>TERESA A GREEN | In Proceedings Under Chapter 13 |
| | STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES |
| Debtors. | |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Chapter 13 Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the trustee for distribution under the Plan.

(1) <u>Future Earning or Income</u>. Debtors shall make the following monthly plan payments:

| <u>Months</u> | <u>Amount</u> |
|---|---|
| 1-4 | $681.00 |
| 5-60 | $742.00 |

The payments are due on or before the 15th day of each month commencing March, 2017. Debtors is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.

Any funding shortfall must be cured before the plan is deemed completed. The Debtors shall provide, directly to the Trustee copies of their **federal and state** income tax returns for the post-petition years within 30 days of filing them. The purpose is to assist in the Trustee in determining any change in debtor's annual disposable income.

Page 1

(2) <u>Other Property</u>. The Debtors shall provide, directly to the Trustee their net federal and state income tax refunds for tax year 2017, 2018 and 2019 as a supplement to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) <u>Administrative expenses</u>:

<u>Attorney Fees</u>: Adam Hauf shall be allowed total compensation of $4,500.00. Counsel received $1,700.00 prior to filing this case and will be paid $2,800.00 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property:</u>

A. Cardinal Financial Company, LP, secured by a deed of trust in the Debtor's real property, shall be paid the prepetition arrearage of $4,847.51 with 0% interest. Regular post-petition payment will be made directly by the Debtor to the secured creditor.

(3) <u>Claims Secured by Personal Property:</u>

A. Vantage West CU, secured by a lien in the Debtor's 2015 Nissan Altima automobile, shall be paid $27,370.35 through the plan with 5.25% interest. The creditor will receive adequate protection payments of $125.00 per month. The balance of the debt shall be classified as unsecured.

(4) <u>Unsecured Priority Claims:</u>

A. NONE

(5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

A. NONE

(6) <u>Other Provisions:</u>

A. NONE

(7) <u>Unsecured Non-priority Claims</u>. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rate the balance of the payments under the plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation.

**DATED AND SIGNED ABOVE**

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

_____
Adam E. Hauf, Attorney for Debtor

SHAPIRO, VAN ESS AND SHERMAN, LLP

_____
JASON P SHERMAN & Lydia R. Tulin
Attorneys for Cardinal Financial Company, LP

The Debtors certify: All required State and Federal income tax returns have been filed. No Domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_/s/ Robert L. Green_
Robert L. Green, Debtor

_/s/ Teresa A. Green_
Teresa A. Green, Joint Debtor